**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLAYTON ALBERS,

    Defendant-Appellant.

No. 99-3020

(D.C. No. 93-CR-10020-01-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**  *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant Clayton Albers seeks a certificate of appealability to appeal the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentences.  Because we conclude Albers has failed to make "a

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his request for a certificate of appealability and dismiss the

appeal.

Albers was convicted of conspiracy to manufacture methamphetamine with

intent to distribute in violation of 21 U.S.C. §§ 841 (a)(1) and 846, possession or

distribution of ephedrine while knowing or having reasonable cause to believe the

listed chemical would be used to manufacture methamphetamine in violation of

21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2, and manufacture of methamphetamine

with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Based upon these convictions, he was initially sentenced to life imprisonment.

We affirmed Albers' convictions on direct appeal, but vacated his sentence

and remanded for resentencing because the evidence did not support the district

court's finding that he was a "leader or organizer" of the criminal activity for

purposes of U.S.S.G. § 3B1.1.    United States v. Albers   , 93 F.3d 1469, 1487-89

(10th Cir. 1996).  On remand, the district court conducted a de novo resentencing

hearing and imposed concurrent terms of imprisonment of 120 and 360 months.

Albers appealed the resentencing, asserting the government failed to meet its

burden of proof as to the quantity and type of methamphetamine used by the

district court to calculate his sentences.  We rejected Albers' arguments and

affirmed the sentences.    United States v. Albers   , 145 F.3d 1346, 1998 WL 223344

(10th Cir. 1998).

Albers, appearing pro se, filed the instant § 2255 motion asserting five grounds for relief. The district court, in a written opinion, denied the motion in its entirety and denied a certificate of appealability. Albers seeks a certificate of appealability from this court on one of the issues asserted in his § 2255 motion. In particular, he asks us to review on the merits his claim that the prosecutor engaged in misconduct during the grand jury proceedings by presenting only one witness, a government agent, who summarized information obtained from Albers' codefendants and informed the grand jury that all of Albers' codefendants had pleaded guilty.

Because this issue was not asserted in Albers' direct appeal of his convictions, he is procedurally barred from raising it in a § 2255 motion unless he establishes cause for the default and prejudice therefrom, or that manifest injustice will result if the claim is barred. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995); see United States v. Frady, 456 U.S. 152, 164-68 (1982). Liberally construing Albers' pleadings, it appears he has attempted to satisfy the cause and prejudice standard by arguing his counsel was ineffective for failing to challenge, either in an interlocutory appeal or on direct appeal, the adequacy of the indictment.

To demonstrate ineffective assistance of counsel, Albers must make a

substantial showing both that his counsel's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984), and that Albers was prejudiced as a result. As to prejudice, he must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Having examined Albers' arguments regarding the deficiencies in the indictment, we are convinced his counsel was not ineffective for failing to raise those arguments. Appellate counsel will be deemed ineffective if he or she fails to assert a "dead-bang winner," i.e., "an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." Cook, 45 F.3d at 395. Here, however, Albers' arguments regarding deficiencies in the indictment are clearly not "dead-bang winners." We have reviewed the transcript of the grand jury proceedings and perceive no procedural deficiencies arising from the fact that the testifying government agent summarized testimony obtained from Albers' codefendants or admitted, under questioning from grand jurors, that Albers' codefendants pleaded guilty. See United States v. Calandra, 414 U.S. 338, 344-45 (1974) ("the validity of an indictment is not affected by the character of the evidence considered," and "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or

-4-

incompetent evidence"); Costello v. United States, 350 U.S. 359, 363 (1956)

(grand jury indictment may be based exclusively on hearsay evidence). Even if

Albers' counsel had filed an interlocutory appeal asserting these challenges to the

indictment, it would not have resulted in dismissal of the indictment against

Albers. Further, the petit jury's finding of guilty on the three charges clearly

rendered the alleged procedural deficiencies moot. See United States v.

Mechanik, 475 U.S. 66, 70-73 (1986) (errors that may affect grand jury's decision

to indict are not grounds for reversal where defendant has been found guilty

beyond a reasonable doubt by a petit jury); United States v. Deffenbaugh Indus.,

Inc., 957 F.2d 749, 755 (10th Cir. 1992) ("claims attacking the technical validity

of indictments become harmless error and therefore moot and unreviewable after

final judgment"). Accordingly, had Albers' counsel raised the alleged

deficiencies on direct appeal, they would not have resulted in a reversal of

Albers' convictions.

The application for a certificate of appealability is DENIED and the appeal

is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-